T. Paul Kane, J.
This is an action for damages for personal injuries sustained at defendant’s and third-party plaintiff’s premises.
Plaintiff moves pursuant to CPLR 3124 for an order compelling discovery. Notice pursuant to CPLR 3120 has been *312 duly served upon defendant and third-party defendant, and no application for protective order has been made by either-defendant or third-party defendant pursuant to C'PLR 3122. Both parties so served have partially complied with said notice which contained seven separate items for which discovery was sought. The area of difficulty concerns itself with items numbered “2.”, “5.” and “7.”, which require discovery of:
“ 2. Any and all engineering drawings, plans, pictorial representations, sketches, pictures, records, and other data showing the physical construction and the location of any and all appliances or other appurtenances or mechanical, electrical, or chemical devices which were installed on tank #114 at the time of the accident alleged in plaintiff’s complaint. * * *
“ 5. Any and all accident reports and investigations made prior to the institution of plaintiff’s lawsuit relative to the accident alleged in plaintiff’s complaint. * * *
“ 7. Any maps, or engineering drawings of the premises upon which the accident alleged in plaintiff’s complaint occurred showing the location of tank #114 and also, the tank into which tank #114’s product was being transferred and showing also, all piping and other connections from tank #114 directly to other tanks, appliances, or appurtenances on the subject premises.”
Third-party defendant submits answering affidavit wherein it states none of the items sought to be discovered are in its possession and no reports other than those which are reports to it by its attorney. Reports of an attorney to his client as to the progress of pending litigation or advice and opinions rendered to a client who is on the brink of litigation should clearly ■be considered ‘ ‘ work product of an attorney ’ ’ and thus within the protection afforded by CPLR 3101 (subd. [c]). Since a party cannot produce what it does not possess, the court addresses itself to the position maintained by the defendant-third-party plaintiff Socony Mobil Oil Company, Inc.
The items sought to be discovered set forth in paragraphs numbered “2.” and “7.” of plaintiff’s notice, particularize with reasonable certainty what is desired in the form of plans, drawings, pictures, records, etc. in regard to the scene of the accident in question and those other areas related thereto. Defendant’s answering affidavit creates the impression that it considers plaintiff’s demands improper and further speaks in guarded language with reference to the availability of any such plans, drawings, etc., and the necessity for plaintiff to examine them.
Defendant-third-party plaintiff cannot in this fashion attack the propriety of the notice. Having failed to avail itself of *313 its singular remedy under CPLR 3103, it must now comply with plaintiff’s demand as specified in items numbers “2.” and “ 7.” of the notice for discovery and inspection dated September 1, 1964. (Coffey v. Orbachs, Inc., 22 A D 2d 317.)
Item number “5.” requires the discovery of “ any and all accident reports and investigations made prior to the institution of plaintiff’s lawsuit ”. The court finds this too broad a demand and not within the rule requiring specifically designated documents reasonably particularized. (Rios v. Donovan, 21 A D 2d 409.) Other disclosure devices are available to the plaintiff to determine with greater exactness the existence of specific documents. (Rios v. Donovan, supra.) If this procedure is followed, then the court will not be placed in the position of requiring the production of items pursuant to CPLB 3120 which might be protected under CPLR 3101 (subds. [b], [e], [d]).